UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PRINCETON ALTERNATIVE FUNDING, LLC, MICROBILT CORPORATION, PHILIP N. BURGESS, JR., WALTER WOJCIECHOWSKI, and JOHN COOK, JR.<br><br>Defendants. | **DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br>DNJ Case No. 3:21-cv-12971-ZNQ-RLS |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO COMPEL COMPLIANCE BY JOSEPH KENARY WITH
THIRD PARTY DOCUMENT SUBPOENA**

Pursuant to Rule 37 and Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendants Princeton Alternative Funding, LLC, MicroBilt Corporation, Philip N. Burgess, Jr., Walter Wojciechowski, and John Cook, Jr. ("Defendants"), by and through counsel, submit this memorandum in support of their Motion to Compel ("Motion to Compel") third party Joseph Kenary ("Kenary") to produce documents and information in compliance with the third party document subpoena.

**SUMMARY**

Defendants bring this Motion to Compel Joseph Kenary to comply with the third-party subpoena duces tecum (the "Document Subpoena"). On or about October 18, 2022, Defendants

properly served the Document Subpoena on Kenary. The Document Subpoena contained the following narrowly tailored document requests:

5. Any and all documents and/or communications, from January 1, 2018 to present, by and between Ranger or RDL, its employees or representatives, regarding or relating to any representations made or actual or potential investigation by the SEC into Ranger, RDL or any of their affiliated entities.

6. Any and all documents and/or communications, from January 1, 2018 to present, by and between Ranger or RDL, its employees or representatives, regarding the Defendants in this action connected to the actual or potential SEC investigation by the SEC into Ranger, RDL or any of their affiliated entities.

7. Any and all documents and/or communications, from January 1, 2018 to present, by and between Ranger or RDL, its employees or representatives regarding any wrongdoing by any Defendant(s) in this action connected to the actual or potential SEC investigation by the SEC into Ranger, RDL or any of their affiliated entities.

8. Any and all documents and/or communications concerning the removal of Ranger as manager of RDL's funds.

On or about November 1, 2022, counsel for Kenary informed Defendants that Kenary did not possess any responsive documents to Defendants requests. Over the next several months, Defendants met and conferred with Kenary counsel multiple times concerning the Document Subpoena. Defendants attempted in good faith to resolve issues that arose concerning the Document Subpoena but were unsuccessful. Defendants even provided search terms to Kenary in attempt to aid Kenary in searching for documents responsive to Defendants' requests.

After several meet and confers between the parties, and a hearing conference with the Honorable Rukhsanah L. Singh concerning the Document Subpoena, Defendants have been unable to resolve the third-party document subpoena issues with Kenary.

Defendants maintain a reasonable and good faith belief that Kenary has in his possession and control relevant and responsive documents to Defendants' narrowly tailored requests. Kenary's current role with RDL Realisation PLC ("RDL") gives Defendants a reasonable belief

Kenary has in his possession custody and control responsive communications and documents concerning the underlying SEC investigation, and communications by Ranger concerning the Defendants.

## BACKGROUND

The underlying litigation was filed by the Security and Exchange Commission ("SEC") against the Defendants on June 24, 2021, in the United States District Court for the District of New Jersey (the "SEC Complaint"). The SEC Complaint alleges that from March 2015 through February 2017, Defendants solicited investors to purchase limited partnership interests in Princeton Alternative Income Fund, LP ("PAIF") and its offshore feeder fund, Princeton Alternative Income Offshore Fund, Ltd. ("PAIOF") (collectively, the "Fund") through materially false and misleading statements. *See* SEC Complaint ¶ 1, attached hereto as Exhibit 1.

The SEC Complaint identifies "Investor R" as an investment adviser to two pooled investment vehicles which collectively invested $6.8 million in PAIF and $55.1 million in PAIOF, making Investor R the largest investor in the Fund. *Id.* ¶ 14. "Investor R" is Ranger Alternative Management II, LP, and the two investment vehicles are Ranger Specialty Income Fund, LP and Ranger Direct Lending Fund Trust. Ranger Alternative Management, LLC is the general partner of Ranger Alternative Management II, LP ("Ranger GP") (collectively referred to as "Ranger"). Ranger was the Fund's first and largest investor. *Id.* ¶ 82. On or about March 28, 2016, Ranger submitted a redemption request to the Fund. *Id.* ¶ 84. The SEC alleges, in part, that Defendants made false and misleading statements and omissions regarding Ranger and Ranger's request for redemption. *Id.* ¶¶ 83-86.

As discussed above, Defendants properly served Kenary with a valid Document Subpoena on or about October 18, 2022. Exhibit 2. On or about November 1, 2022, counsel for Kenary

informed Defendants that Kenary did not possess any responsive documents to Defendants' requests. Exhibit 3.

Thereafter, on January 11, 2023, counsel for Kenary and Defendants met and conferred concerning the Document Subpoena. Counsel for Kenary indicated he would consult with his client to determine what steps were undertaken to search for any responsive documents and inform the Defendants.

In addition, Defendants agreed to provide Kenary with specific search terms to narrow any responsive documents. Defendants provided Kenary a search terms list on or about January 23, 2023 and supplemented their list on January 26, 2023. Exhibit 4; Exhibit 5.

Defendants followed up on their correspondence to Kenary's counsel on January 30, 2023, January 31, 2023, and February 6, 2023, but did not receive a reply. On February 7, 2023, counsel for Kenary informed Defendants he was unavailable for personal reasons which were understood by Defendants, and also iterated that some of the proposed search terms were "problematic." Exhibit 6. Counsel for Kenary did not elaborate further on what was "problematic" about the search terms. Defendants attempted to follow up but did not receive a reply. Given that the underlying matter was approaching mediation within two weeks, on or about February 9, 2023, Defendants sought to meet and confer with the Honorable Rukhsanah L. Singh concerning the issue.

On or about February 16, 2023, prior to the hearing with Judge Singh, Defendants and counsel for Kenary met to discuss the Document Subpoena and the outstanding concerns. Counsel for Kenary acknowledged that six of the proposed terms were used to search for documents and communications. He further indicated that some of the search terms would yield "thousands or millions" of hits which he claimed created an undue burden for a third party to produce. Defendants maintained the position that it would assist Kenary's efforts in production of any relevant

documents should he continue to believe that production would be an undue burden. Defendants suggested that they work together with counsel for Kenary to determine what is responsive. Defendants were specifically concerned with reconciling Kenary's initial position that there were "no responsive documents or communications" to Defendants' requests, with Kenary's later position that specific searches would yield "thousands or millions" of hits.

On February 16, 2023, counsel for Kenary and Defendants met with Judge Singh concerning the discovery dispute. Both parties relayed their position and reiterated their conversation the day prior. Judge Singh advised the parties to attempt to resolve their disagreement concerning the document subpoena. Judge Singh further advised the United States District Court was not the proper forum to make a decision on the issue because it lacked authority.

Following the hearing, Defendants sought to meet and confer with counsel for Kenary on several occasions. <u>Exhibit 7</u>. To date, Defendants have not received a reply to their numerous communications.

Kenary possesses information that is directly relevant to this case. Currently, Kenary is the founder and managing member of Remuda Advisors and was formerly the Chief Finance Officer for RDL (formerly known as Ranger Direct Lending Fund) working closely with the Board of Directors. Kenary was responsible for managing the fund and overseeing its day-to-day running. As a founder and managing member of Remuda Advisors, as well as the Chief Finance Officer for RDL and in his role managing the fund, Kenary is reasonably believed to possess communications from Ranger concerning Defendants, the underlying SEC investigation, and this underlying matter.

**ARGUMENT**

**A. <u>Kenary Has Information Relevant to this Matter</u>**

The scope of discovery is set forth in Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Rule 34 of the Federal Rules of Civil Procedure authorizes parties in a civil action to request from third parties, by Rule 45 subpoena, "documents and tangible things" within the scope of discovery permitted by Rule 26(b). *See* Fed. R. Civ. P. 34(c). As discussed above, Kenary has information and communications from Ranger concerning the Defendants, the SEC investigation of the Defendants, and this underlying action.

Defendants properly served Kenary with the Document Subpoena on October 18, 2022. Shortly thereafter, on November 1, 2022, Kenary took the position that there were no responsive documents to Defendants' requests. Thereafter, Defendants and Kenary met and conferred concerning the Document Subpoena and agreed that Defendants would provide specific search terms to assist in Kenary's compliance with the subpoena. After Defendants provided Kenary with a list of relevant search terms, in congruence with the Document Subpoena, Kenary altered his position to state that there were "thousands or millions" of responsive documents to Defendants' request. As recommended by Judge Singh during the February 17, 2023, hearing, Defendants attempted several times to meet and confer on the document production and come to some sort of resolution on Kenary's compliance with the Document Subpoena. Kenary has not replied to any of Defendants' subsequent communications and has been unwilling to resolve the discovery dispute.

Defendants continue to maintain a good faith belief that Kenary has in his possession, custody, or control responsive documents to Defendants' requests and is left with no other alternative but to file this Motion as Kenary has been unresponsive to Defendants' communications.

Defendants have made all reasonable and available attempts to notice and communicate with Kenary concerning the Document Subpoena but have been unsuccessful. Documents, communications and information possessed by Kenary are relevant to the underlying matter.

B. **The Court Should Transfer the Motion to the District of New Jersey for Resolution Pursuant to its Authority Under F.R.C.P. 45(f).**

Defendants respectfully request, pursuant to the Court's authority under F.R.C.P. 45(f), that the Motion to Compel be referred back to the District of New Jersey for resolution by the Federal Magistrate Judge that has been managing all discovery-related litigation in this matter.

Under F.R.C.P. 45(f), when the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. *Id.* To enforce its order, the issuing court may transfer the order to the court where the motion was made.

In the absence of consent, the court may transfer in exceptional circumstances. The proponent of transfer bears the burden of showing that such circumstances are present. The primary concern is to avoid burdens on local nonparties subject to the subpoena. Transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. After transfer, the court where the action is pending will decide the motion. *Id.*

Should Kenary not consent to transfer pursuant to F.R.C.P. 45(f), the Court should nonetheless transfer the matter. There are exceptional circumstances that warrant transfer in this litigation and transfer would not pose an undue burden on Kenary. The underlying litigation is decidedly complex, with nearly one hundred witnesses having been identified in the parties' initial

disclosures, millions of records produced in discovery, and a significant record of closely related litigation over other discovery matters, including pending motions and motions to compel that have already been decided by the Federal Magistrate Judge. Several of those prior matters involve motions and filings made under seal. An expeditious ruling, in light of pending mediation which is scheduled to resume on April 10, 2023 (the pending motion having been filed in aid of the parties' mediation efforts), and with consideration of related matters that have been decided in this action, is critical to the litigation.

Notably, all discovery-related litigation in the District of New Jersey has proceeded by Zoom and/or telephone conference. No travel would be associated with the litigation of this Motion, posing no undue travel burden upon Kenary. Indeed, resolution before the District of New Jersey, which has invested significant time addressing an array of issues arising out of this litigation, would most likely expedite consideration of this matter.

## **CONCLUSION**

For the foregoing reasons, this Court should transfer the Motion back to the District of New Jersey, or alternatively, grant Defendants' Motion to Compel and enter an order requiring Joseph Kenary to comply with Defendants' Document Subpoena. A proposed order is attached to this memorandum.

DATED: March 27, 2023

**ARMSTRONG TEASDALE LLP**

*/s/ Michael K. Lowman*
Michael K. Lowman, Esq., 980620039
mlowman@atllp.com
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
314-621-5070

*ATTORNEY FOR PRINCETON ALTERNATIVE FUNDING, LLC, MICROBILT CORPORATION, PHILIP N. BURGESS, JR., WALTER WOJCIECHOWSKI, AND JOHN COOK, JR.*

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PRINCETON ALTERNATIVE FUNDING, LLC, MICROBILT CORPORATION, PHILIP N. BURGESS, JR., WALTER WOJCIECHOWSKI, and JOHN COOK, JR.<br><br>Defendants. | **DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br>DNJ Case No. 3:21-cv-12971-ZNQ-RLS |

**PROPOSED FORM OF ORDER**

This matter, having been brought before the Court on Defendants' Motion to Compel Compliance with Third Party Subpoena in connection with a matter pending in the District Court for the District of New Jersey, and the Court having considered the arguments of counsel, and any opposition filed thereto, and for good cause shown,

IT IS on this _____ day of _____, 2023, ORDERED that pursuant to the Court's authority under F.R.C.P. 45 (f), the Motion to Compel Third Party Joseph Kenary be referred back to the District of New Jersey for resolution by the Federal Magistrate Judge that has been managing all discovery-related litigation in this matter.

_____
U.S.M.J.