## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | Civil Action No. 1:23-cv-00841-JRR |
| | : | |
| | : | Judge Hon. Beth P. Gesner |
| Plaintiff, | : | |
| | : | |
| v. | : | Case in other Federal Court: |
| | : | |
| PRINCETON ALTERNATIVE FUNDING, | : | District of New Jersey |
| LLC, MICROBILT CORPORATION, PHILIP | : | 3:21-cv-12971-ZNQ-RL |
| N. BURGESS, WALTER | : | |
| WOJCIECHOWSKI, and JOHN COOK, JR., | : | |
| | : | |
| Defendants. | : | |

### REPLY TO RESPONSE OF STEVEN KENARY TO DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH THIRD PARTY DOCUMENT SUBPOENA

Defendants Princeton Alternative Funding, LLC, MicroBilt Corporation, Philip N. Burgess, Jr., Walter Wojciechowski, and John Cook, Jr. ("Defendants"), through their undersigned counsel, file this brief Reply in support of Defendants' Motion to Compel Compliance With Third Party Subpoena (the "Motion") (ECF No. 1).

By way of quick background, Defendants filed a similar Motion to Compel against Steven Bellah ("Bellah"), a colleague of Respondent Joseph Kenary ("Kenary"), which matter is filed and venued in the United States District Court for the Northern District of Texas, Civil Docket 1:23-cv-00841-JRR (the "Bellah Litigation").

After Respondent Kenary had filed his Response (ECF No. 5) to the Motion, and Bellah filed a similar Response on the same date in the Bellah Litigation, the Magistrate Judge presiding over the Bellah Litigation held a brief conference in early May 2023 to discuss the underlying issues in an effort to broker and negotiate an amicable resolution to the Bellah Litigation. During

that May court conference, J. Brian Vanderwoude, Esquire ("Attorney Vanderwoude"), both Kenary's counsel in this litigation and Bellah's counsel in the Bellah Litigation, represented to the Court that he would engage in conversations with Defendants to determine whether there were additional search terms that would placate Defendants' continuing belief that there were documents responsive to both the subpoena in Bellah's possession (and by corollary, in Kenary's possession).

Subsequent to that Bellah Litigation court conference, Defendants' counsel and Attorney Vanderwoude had two subsequent telephonic conferences where information and ideas were shared about how Defendants would suggest to conduct a broader search as well as certain other considerations. In response to these conferences, Attorney Vanderwoude conceded, as he had stated to the Court in the May conference in the Bellah Litigation, that Bellah (and Kenary) would agree to negotiate new proposed search terms and then conduct the additional search for potentially responsive documents.

In order for the parties to have sufficient time to finalize the negotiation of new search terms and for both Kenary and Bellah to actually conduct the searches themselves and produce any responsive documents, the parties filed a stipulation in both this litigation and in the Bellah Litigation to an extension of time for Defendants to file their Reply to the respective Responses filed by Kenary and Bellah until June 30, 2023. Subsequent to the filing of those Stipulations, Defendants' counsel reviewed the prior search terms proposed as well as the actual search terms used by Kenary and Bellah to determine (as reflected in their respective Responses) that there were no responsive documents. Specifically, by email, dated June 16, 2023, Defendants' counsel proposed the following search terms by email to Attorney Vanderwoude:

- Burgess
- Neiterman
- NeitermanJ@sec.gov
- Privor
- PrivorB@sec.gov
- Schuster
- SchusterC@sec.gov
- Princeton Alternative
- PAF
- PAIF
- Securities and Exchange Commission
- SEC
- @sec.gov
- Katsiff
- Axelrod
- Hacker
- Microbilt

Attorney Vanderwoude knew that these search terms were broader than the specific search terms actually and previously utilized by Kenary (and Bellah), but this was conveyed in the email to Attorney Vanderwoude wherein Defendants' counsel wrote:

> I reviewed the prior search terms that your clients settled upon, as set forth in your Response to the Motions to Compel, and the above terms supplement the prior search with (i) additional terms and (ii) similar terms that are no longer tied to the proximity to other terms.
>
> Obviously the purpose of this exercise is to expand the search and determine if there are any hits beyond the reach of prior more limited searches. We would request that these searches be performed before any suggestion that they are too broad. A review of the results would resolve these issues.

June 16, 2023 Email from Gerard M. McCabe, Esquire, to J. Brian Vanderwoude, Esquire.

Attorney Vanderwoude did not respond to Attorney McCabe's June 16, 2023 email.

Defendants' counsel sent a second email, dated one week later on June 23, 2023, to Kenary's counsel which requested an update:

Can you please confirm the status of your review of our proposed additional search terms?

When we last discussed, you were in agreement to perform an additional search and I am confirming either that that additional search is ongoing/to be completed consistent with our proposed new search terms, or you have additional modifications to our suggested search terms.

As you are aware, we have a June 30th stipulated deadline to file our respective reply in both the Kenary and Kenary matters and I am trying to determine if we need to request additional time.

Please let me know your thoughts on these issues … thank you.

June 23, 2023 email from Gerard M. McCabe, Esquire, to J. Brian Vanderwoude, Esquire.

Despite requesting possible modifications to the newly prosed search terms, Attorney Vanderwoude failed to respond Attorney McCabe's second email. Attorney McCabe also left Attorney Vanderwoude at least two telephonic messages, with the last one occurring on Tuesday, June 27, 2023, requesting the courtesy of an update from Attorney Vanderwoude. Attorney McCabe received no response.

For the above reasons, and because Defendants have proffered reasonable new search terms without any stated, written or verbal, objections from Kenary, Defendants respectfully request that the Court enter an Order compelling Kenary (i) to conduct a search of potentially responsive documents using the above set forth search terms without any further circumscription from Kenary and (ii) to produce within 20 days of such Order all responsive documents subject only to redaction consistent with standard privileges.

[Signature Page Follows]

4

**Defendants,**
**By Their Attorney,**

*/s/ Jeffrey S. Jacobovitz*
Jeffrey S. Jacobovitz, Esquire
Maryland Bar No. 8802040010
**ARNALL GOLDEN GREGORY LLP**
2100 Pennsylvania Avenue NW, Suite 350S
Washington, DC 20037
jeffrey.jacobovitz@agg.com

**Of Counsel (to be admitted *pro hac vice*):**

**KROVATIN NAU LLC**
Gerald Krovatin, Esquire
(NJ Attorney No. 024351977)
60 Park Place, Suite 1100
Newark, New Jersey 07102
gkrovatin@krovatin.com

**McCabe Law Group, LLC**
Gerard M. McCabe, Esquire
(PA Attorney No. 66564)
42 Hawkswell Circle
Oreland, PA 19075
gmccabe@mccabe.law

Dated: June 30, 2023

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffrey S. Jacobovitz, hereby certify that, on June 30, 2023, I caused to be electronically filed the foregoing Reply using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jeffrey S. Jacobovitz*
Jeffrey S. Jacobovitz, Esquire