UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : | Civil Action No. 1:23-cv-00841-JRR |
| Plaintiff, | : : : | Judge Hon. Beth P. Gesner |
| v. | : : | Case in other Federal Court: |
| PRINCETON ALTERNATIVE FUNDING, LLC, MICROBILT CORPORATION, PHILIP N. BURGESS, WALTER WOJCIECHOWSKI, and JOHN COOK, JR., | : : : : : | District of New Jersey 3:21-cv-12971-ZNQ-RL |
| Defendants. | : | |

**JOINT STATUS REPORT
REGARDING DEFENDANTS' MOTION TO COMPEL
COMPLIANCE WITH THIRD PARTY DOCUMENT SUBPOENA**

Defendants Princeton Alternative Funding, LLC, MicroBilt Corporation, Philip N. Burgess, Jr., Walter Wojciechowski, and John Cook, Jr. ("Movants") and Joseph Kenary ("Respondent") (together, Movants and Respondent, the "Parties"), through their respective counsel, hereby submit this Joint Status Report regarding Defendants' Motion to Compel Compliance With Third Party Subpoena (the "Motion") (ECF No. 1). Pursuant to this Court's Letter Order, dated July 27, 2023 (ECF No. 15), counsel for the Parties, as well as a principal for the Movants, met and conferred telephonically on the morning of August 11, 2023, regarding the current status of the search efforts and previous discussions between counsel.

On May 15, 2023, Magistrate Judge Cureton of the United States District Court for the Northern District of Texas held a telephone conference with counsel for both Movants and Respondents in a parallel miscellaneous matter involving Respondent Steven Bellah venued in the Northern District of Texas (Fort Worth division), Civil Docket 1:23-cv-00841-JRR (the "Bellah

Litigation"). Thereafter, the Parties conferred and Movants agreed to provide the undersigned counsel for Mr. Bellah and Mr. Kenary with a list of additional search terms so that Mr. Kenary could conduct another search for responsive documents, if any. On June 16, 2023, Movants provided the following additional search terms to Mr. Kenary's counsel via email:

- Burgess
- Neiterman
- NeitermanJ@sec.gov
- Privor
- PrivorB@sec.gov
- Schuster
- SchusterC@sec.gov
- Princeton Alternative
- PAF
- PAIF
- Securities and Exchange Commission
- SEC
- @sec.gov
- Katsiff
- Axelrod
- Hacker
- Microbilt

These search terms were broader than the specific search terms actually and previously utilized by Mr. Kenary, with the stated purpose of supplementing the prior search with (i) additional terms and (ii) similar terms that are no longer tied to the proximity of other terms.

In late June and early July, Mr. Kenary ran searches using these additional search terms proposed by Movants. On July 11, 2023, Mr. Kenary's counsel advised Movant's counsel that the only new documents that were located were 75 emails that consisted of privileged communications relating to RDL Fund Trust's proof of interest form in the Princeton bankruptcy case. Respondents offered to provide Movants with a categorical privilege log if needed. On August 9, 2023, Movants responded and requested a copy of the privilege log and inquired as to the basis and scope of the privilege.

On that same date, August 9, 2023, Magistrate Judge Cureton issued an order, dated August 9, 2023 (ECF No. 12) (the "Texas Order"), which is attached hereto as **Exhibit 1**. The Texas Order granted Movants' Motion to Compel that was identical to the Motion to Compel filed in this litigation.

Notwithstanding the Texas Order, counsel for the Parties have nevertheless agreed to continue to discuss in the coming two weeks a workable solution that would resolve both the Bellah Litigation and this instant matter. If the Parties cannot amicably resolve these discovery issues, Respondent's counsel has suggested that Respondent would appeal the Texas Order. Under either of these scenarios of resolution or appeal, counsel for the Parties suggest that this Court that schedule the submission of a new status report by September 11, 2023, or sooner, which would require the Parties to update this Court regarding whether (i) the Parties have arrived at a solution or (ii) Respondent had appealed the Texas Order.

For the above reasons, the Parties request that this Court schedule the submission by the Parties of a new Joint Status Report by September 11, 2023, providing the Court with an update as to whether the Parties achieved an amicable solution or whether Respondent filed an appeal of the Texas Order.

        **Defendants,**
        **By Their Attorney,**

        */s/ Jeffrey S. Jacobovitz*
        Jeffrey S. Jacobovitz, Esquire
        Maryland Bar No. 8802040010
        **ARNALL GOLDEN GREGORY LLP**
        2100 Pennsylvania Avenue NW, Suite 350S
        Washington, DC 20037
        jeffrey.jacobovitz@agg.com

        **Of Counsel (to be admitted *pro hac vice*):**

        **KROVATIN NAU LLC**
        Gerald Krovatin, Esquire
        (NJ Attorney No. 024351977)
        60 Park Place, Suite 1100
        Newark, New Jersey 07102
        gkrovatin@krovatin.com

        **MCCABE LAW GROUP, LLC**
        Gerard M. McCabe, Esquire
        (PA Attorney No. 66564)
        42 Hawkswell Circle
        Oreland, PA 19075
        gmccabe@mccabe.law

Dated: August 14, 2023

# **EXHIBIT 1**

Texas Order Granting Motion to Compel

(dated August 9, 2023)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, Plaintiff, v. PRINCETON ALTERNATIVE FUNDING, LLC., ET AL., Defendants/Movants, v. STEVEN BELLAH, Respondent. | § § § § § § § § § § § § § § § | MISC. ACTION NO. 4:23-MC-5-P *Civil Action No.*3:21-CV-12971-ZNQ-RLS *District Court for the District of New Jersey* |

## ORDER ON DEFENDANTS/MOVANTS' MOTION TO COMPEL COMPLIANCE BY STEVEN BELLAH WITH THIRD PARTY DOCUMENT SUBPOENA

Pending before the Court is Defendants/Movants' Princeton Alternative Funding, LLC, Microbilt Corporation, Phillip N. Burgess, Jr., Walter Wojciechowski, and John Cook, Jr. (collectively, "Movants")'s[1] Motion to Compel Compliance by Steven Bellah with Third Party Document Subpoena ("Movants' Mot.") [doc. 1], filed March 28, 2023. Having carefully considered the parties' pleadings and all relevant applicable law, the Court finds Movants' motion [doc. 1] should be **DENIED IN PART** and **GRANTED IN PART**.

### I. BACKGROUND

Respondent Steven Bellah ("Bellah") served as the Chief Finance Officer of RDL Realisation PLC ("RDL"), a "peer-to-peer loan fund that invested with a number of companies"

---

[1] Despite their self-styling, Princeton Alternative Funding, LLC, Microbilt Corporation, Phillip N. Burgess, Jr., Walter Wojciechowski, and John Cook, Jr. are "Defendants" only in the underlying matter originating in the District Court for the District of New Jersey. In the miscellaneous matter before this Court they are "Movants" and will be referred to as such for purposes of clarity.

1

Case 1:23-cv-00841-JRB Document 16 Filed 08/14/23 Page 7 of 15

including, in part, Movant Princeton Alternative Funding, LLC ("PAIF").[2] (Steven Bellah's Response to Defendants' Motion to Compel Compliance with Third-Party Document Subpoena ("Bellah Resp.") at 2-3.) This motion arises out of a lawsuit filed by Plaintiff Securities and Exchange Commission ("SEC") against Movants in the District Court for the District of New Jersey in case number 3:21-CV-12971-ZNQ-RLS (hereinafter, "New Jersey case"). The New Jersey case stems from the SEC's allegations that Movants "solicited investors to purchase limited partnership interests in PAIF and its offshore feeder fund . . . through materially false and misleading statements." (Movants' Mot. at 3 (internal citations omitted).)

On October 18, 2022, Movants served Bellah and Remuda with a subpoena (the "subpoena") requesting the following documents:

1. Any and all documents and/or communications from January 1, 2018 to present, by and between Ranger or RDL, its employees or representatives, regarding or relating to any representations made or actual potential investigation by SEC into Ranger, RDL or any of their affiliated entities.

2. Any and all documents and/or communications, from January 1, 2018 to present, by and between Ranger or RDL, its employees or representatives, regarding the Defendants in this action connected to the actual or potential SEC investigation by the SEC into Ranger, RDL or any of their affiliated entities.

3. Any and all documents and/or communications, from January 1, 2018 to present, by and between Ranger or RDL, its employees or representatives regarding any wrongdoing by any Defendant(s) in this action connected to the actual or potential SEC investigation by the SEC into Ranger, RDL or any of their affiliated entities.

4. Any and all documents and/or communications concerning the removal of Ranger as manager of RDL's funds.

(Movants' Mot., Ex. 1 at 41-45.) In their motion, Movants ask the Court to Order Bellah to

---

[2] Bellah states he served as the Chief Finance Officer ("CFO") of RDL "since approximately 2019." (Bellah Resp. at 2.) Movants, in their motion, clarified that Bellah, at some point, left that position and is currently the founder and managing member of Remuda Advisors ("Remuda"). (Movants' Mot. at 5.)

2

produce responsive documents and information in compliance with the subpoena. (Movants' Mot. at 1.) Notably, at the end of their motion, Movants request the Court to exercise its authority under Federal Rule of Civil Procedure 45(f) and transfer the motion back to the District of New Jersey for resolution.[3] (*Id.* at 7.)

In his Response, Bellah argues that he "conducted numerous diligent searches for responsive documents, but did not locate anything responsive to the subpoena[]."[4] (Bellah's Resp. at 6 (emphasis omitted). Next, Bellah objects to Movants' request to transfer the pending motion to the District of New Jersey, and argues that Movants fail to plead any exceptional circumstances that warrant the motion's transfer. (*Id.* at 16.)

On May 15, 2023, the Court held a telephone conference with counsel for both Movants and Respondents. Movants were ordered to file their Reply to Movants' Motion no later than 12:00 p.m. CST May 31, 2023. The parties subsequently filed a Joint Stipulation for Extension of Time for Movants to file their Reply [doc. 7] on May 26, 2023. The Court unfiled the Joint Stipulation for various procedural deficiencies. Thereafter, Movants failed to file their Reply and the Court issued an Order to Show Cause [doc. 9] on June 29, 2023, ordering Movants to show cause, in writing, no later than July 13, 2023, as to their failure to timely and completely comply with the Court's May 15, 2023 Order. The next day, June 30, 2023, Movants filed their Reply in compliance with the Court's May 15, 2023 Order [doc. 10].

---

[3] A subpoena may command a production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45 (c)(2)(A). Movants filed this miscellaneous action seeking Bellah's compliance in the Northern District of Texas' Fort Worth Division, though Bellah and Remuda are located in Coppell, Texas, squarely within the Northern District of Texas' Dallas Division. (Movants' Mot., Ex. 1 at 41.)

[4] Bellah argues, *inter alia*, that though he is "not required to run the search terms proposed by Movants," he did run "a smaller subset of the proposed search terms" and "confirmed (again) that [he] is not in possession of documents responsive to Movants' subpoena." (*Id.* at 9, 13.)

3

In their Reply, Movants argue that the parties conferred after the Court's telephone conference and that Bellah "agree[d] to negotiate new proposed search terms and then conduct the additional search for potentially responsive documents." (Movants' Reply to Response of Steven Bellah to Defendants' Motion to Compel Compliance with Third Party Document Subpoena ("Movants' Reply") at 2.) On June 16, 2023, movants provided the following additional search terms to Bellah's counsel via email:

- Burgess
- Neiterman
- NeitermanJ@sec.gov
- Privor
- PrivorB@sec.gov
- Schuster
- SchusterC@sec.gov
- Princeton Alternative
- PAF
- PAIF
- Securiteis and Exchange Commission
- SEC
- @sec.gov
- Katsiff
- Axelrod
- Hacker
- Microbilt

(*Id.* at 2-3.) Movants acknowledge the above search terms "were broader than the specific search terms actually and previously utilized by Bellah," with the stated purpose of "supplement[ing] the prior search with (i) additional terms and (ii) similar terms that are no longer tied to the proximity [of] other terms." (*Id.* at 3.) Movants maintain that Bellah's counsel never responded to the additional search requests. (*Id.*)

## II. LEGAL STANDARDS AND DISCUSSION

### A. Request to Transfer

The Court first addresses Movants' request to transfer the pending motion. "Federal Rule

4

of Civil Procedure 45 'explicitly contemplates the use of subpoenas in relation to non-parties' and governs subpoenas served on a third party[], as well as motions to quash or modify or to compel compliance with such a subpoena." *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films*, LLC, 313 F.R.D. 39, 42 (N.D. Tex. 2015) (quoting *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009)). The Rule provides that, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena *consents* or if the court finds *exceptional circumstances*." Fed. R. Civ. P. 45(f) (emphasis added). "[T]he proponent of transfer bears the burden of showing that such circumstances are present." (*Id.*), advisory committee notes (2013 amendments). The Advisory Committee Notes to Rule 45 provide the following guidance as to when transfer of a subpoena-related motion is appropriate:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts. Transfer is appropriate only if such interest outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

*Id.*

Bellah does not consent to transfer, and the Court therefore may only transfer the motion to compel to the issuing court (District of New Jersey) if exceptional circumstances exist. Movants' argument that the underlying litigation is "decidedly complex" and that there are several "pending motions and motions to compel that have already been decided by the [New Jersey Magistrate]" are not exceptional circumstances warranting a Rule 45(f) transfer. *See CMB Expert, LLC. v. Atteberry*, No. 3:14-mc-51-B-BN, 2014 WL 2197840, at *1 (N.D. Tex. May 27, 2014) citing *Garden City Emps. Ret. Sys. v. Psych. Sol., Inc.*, Misc. A. No. 13-238, 2014 WL 272088, at

5

*3 (E.D. Pa. Jan. 24, 2014) (denying transfer under Rule 45(f) because the fact that the issuing court undeniably had greater familiarity with the underlying action did not constitute an exceptional circumstance). And, while Movants assert that "all discovery-related litigation in the District of New Jersey has proceeded by Zoom and/or telephone conference" and that "no undue travel burden [would be] upon Bellah," the Court is not persuaded that litigating in New Jersey would be of minimal burden on Bellah. *In re Cobb*, No. A-20-MC-595-RP, 2020 WL 4043752 (W.D. Tex. July 16, 2020) (Rule 45 has long required that disputes related to non-party subpoenas be resolved locally "to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena.") citing *Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, 2017 WL 1611915, at *1-3 (W.D. Tex. Apr. 27, 2017). Accordingly, the court finds that Movants have failed to plead exceptional circumstances that support transferring their motion to the District of New Jersey. The Court therefore **DENIES** Movants' Motion to Compel [doc. 1] as relates to Movants' request to transfer.

### B. Motion to Compel

The Court next addresses Movants' request for Bellah's compliance with the subpoena. Rule 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefits." Fed. R. Civ. P. 26(b)(1) (emphasis added). Pursuant to Rule 45(a), a party may issue a subpoena to command the production of documents or electronically stored information. As provided, a non-party to an action may be compelled to produce discoverable documents.

6

*Kendrick v. Heckler*, 778 F.2d 253, 254-58 (5th Cir. 1985). Rule 45 also permits a party to "move the court for the district where compliance is required for an order compelling discovery or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The basic allocation of the burden [is] on the party resisting discovery to—in order to successfully resist a motion to compel—specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance or that a discovery request would impose an undue burden or expense or is otherwise objectionable." *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476 (N.D. Tex. Apr. 18, 2016) citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 15 Fed. R. Serv. 3d 1222,1485 (5th Cir. 1990); *Heller v. City of Dall.*, 303 F.R.D. 466,483-93 (N.D. Tex. 2014).

### 1. Relevance

Movants assert that Bellah, given "role with [RDL as Chief Finance Officer]," has "in his possession custody and control responsive communications and documents concerning the underlying SEC investigation, and communications" related to Movants. (Movants' Mot. at 5.) Bellah does not argue nor specifically object that the requested documents are irrelevant. The closest he comes to asserting a relevance challenge is stating that, when the Movant-provided search terms failed to render any responsive documents, Bellah was "not surprise[ed]," because "[Bellah](i) has had no involvement in any SEC investigation of Ranger, RDL or any of their affiliates, if any' and (ii) was not involved in the removal of RAM as manager of RDL's funds." (Bellah's Resp. at 9-10.) Bellah has failed to carry his burden and specifically show that Movants' requested discovery falls outside Rule 26(b)(1)'s scope of relevance. Thus, this Court finds Movants' requested discovery is relevant.

### 2. Undue Burden

As stated, Movants' subpoena seeks four categories of documents from Bellah. *See*, supra;

7

(Movants' Mot., Ex. 1 at 41.) In an effort to aid Bellah's production, Movants provided him with "specific search terms." (Movants' Mot. at 6.) Movants assert that, initially after he was served with the subpoena in October 2022, Bellah informed Movants that "there were no responsive documents to [the subpoena's] requests." (*Id.*) This prompted Movants to provide a specific search term list to Bellah. (*Id.*) Bellah then, according to Movants', "altered his position to state that there were 'thousands or millions' of responsive documents" to Movants' request. (*Id.*) In his response before the Court, Bellah never asserts the subpoena caused him an undue burden, rather, he states that the thirty-six "search terms" as provided by Movants were "problematic" because "they would have generated a large number of hits unrelated to any SEC investigation into Ranger, RDL, or any of their affiliates or the removal of RAM as investment manager."[5] (Bellah's Resp. at 9 (emphasis omitted).) Bellah seemingly attempted to mitigate any voluminious burden— he "use[d] a subset [of ten search terms]" that "confirmed (again) that [he] is not in possession of documents responsive to Movants' subpoena."[6] (*Id.*) In sum, Bellah argues he is devoid free of anyt responsive documents and that "Movants have not shown that the [tailored] search terms [Bellah used] were unreasonable." (*Id.* at 15.) The Court finds Bellah has failed to lodge a specific objection that Movants' production requests are overly broad, burdensome or oppressive. *See McLeod*, 894 F.2d at 1485 citing *Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3rd Cir. 1982).

Bellah has failed to specifically object and show that Movants' requested discovery does not fall within Rule 26(b)(1)'s scope of relevance or that a discovery request would impose an undue burden or expense or is otherwise objectionable. Accordingly, Bellah fails to meet his

---

[5] Further, Bellah argues that "searches for names and email addresses of people connected with RAM [] would have generated a similar number of false positives" and that the "search terms proposed by Movants would result in unrelated documents pertaining to RDL's day-to-day activities, investments that are wholly unrelated to [various associated funds]." (*Id.* at 14-15.)

[6] The tailored search list revealed "several hits" that he deemed "not responsive to the subpoena." (Bellah's Resp. at 10-11.)

8

burden and Movants' Motion to Compel [doc. 1] is **GRANTED** on the issue of Bellah's compliance with the subpoena.

Based on the foregoing it is **ORDERED** that Movants' Motion to Compel Compliance by Steven Bellah with Third Party Document Subpoena [doc. 1] is **DENIED IN PART** and **GRANTED IN PART**. It is **DENIED** as to Movants' request to transfer this matter to the issuing court where the underlying suit is pending. It is **GRANTED** as to the request for an Order for Bellah to comply with the subpoena.

It is further **ORDERED** that Bellah, **no later than September 1, 2023**, produce the requested documents in the subpoena as set forth above (and that have not already been produced).

SIGNED August 9, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

## **CERTIFICATE OF SERVICE**

I, Jeffrey S. Jacobovitz, Esquire, hereby certify that, on August 14, 2023, I electronically filed the foregoing Joint Status Report using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jeffrey S. Jacobovitz*
Jeffrey S. Jacobovitz, Esquire
